## THE PEOPLE v. THE TOWN OF NEVADA.

6    143
77   369
6    143
142  515

The Act of March 27, 1850, conferring upon the County Court the power of incorporating towns, is unconstitutional.

Legislative functions cannot be exercised by the judiciary, nor can the Legislature delegate such power to a Court which is inhibited from the performance of any other than judicial acts.

WRIT OF ERROR to the District Court of the Fourteenth Judicial District, County of Nevada.

Proceeding, in the nature of a *quo warranto*, on the relation of J. R. McConnell, Attorney General, against the town of Nevada, for the usurpation of the franchises and privileges of a corporation. The defence sets up that the defendant was duly incorporated by the County Court, in pursuance of the provisions of the Act of March 27, 1850.

The District Court entered judgment for the defendant.   A writ of error was issued, on application of plaintiff.

*The Attorney General* for Plaintiff in Error.

The opinion of the Court was delivered by Mr. Chief Justice MUR-RAY.   Mr. Justice TERRY concurred.

The only question involved in this case is, whether the Act of March 27, 1850, so far as it confers upon the County Court the power of incorporating town governments, is constitutional.   The jurisdiction of the County Court has been so often reviewed, that this Court will not be deemed impatient in simply announcing certain principles already declared by its previous decisions.   First, the performance of certain legislative functions being confided to, or imposed by the Constitution upon the Legislature, must be exercised by that branch of the government; and in such cases the maximum *delegatus non potest delegare* applies.   Second, this Court has repeatedly refused, since the question was first raised, to incorporate any college or eleemosynary corporation, because the Legislature can impose no duties upon the judiciary but such as are of a judicial character; and the incorporation of colleges or towns is not *stricti juris* judicial, but ministerial; or rather, under our Constitution, a legislative act.   (See Burgoyne *v.* The Supervisors, and Dickey *v.* Hulburt, 5 Cal. Repts.)

This is not a special case, contemplated by the Constitution.   The words, "special cases," refer to suits or controversies at law, and not to proceedings of this character.   Admitting that the Legislature can delegate the power, under general law, (a proposition which we neither affirm nor deny,) of establishing town governments, it must be to the supervisors, or some other person or body possessing like functions, and not to a Court which is inhibited from the performance of any other than judicial acts.

Judgment reversed.