[No. 69.   Decided June 2, 1890.]

*In the matter of the application of* A. C. CAMPBELL *and others for a writ of Mandate to the Board of County Commissioners of Pierce County.*

1   287
7   233
8   672
24* 694
34* 928
36* 971

MUNICIPAL INCORPORATIONS — RE-INCORPORATION — CONSTRUC-
TION OF STATUTES.

A town incorporated under the void act of February 2, 1888 (Laws Wash. T., 1887, p. 221), entitled "An act for the incorporation of towns and villages in the Territory of Washington," may incorporate under §§ 1-3 of the act approved March 27, 1890 (Laws Wash. 1889-90, p. 131), entitled "An act providing for the organization, classification, incorporation and government of municipal corporations, and declaring an emergency."

Towns which attempted to incorporate under the void act of February 2, 1888, may incorporate under the act of March 27, 1890, with a larger territory than that included in the original boundaries.

*Certified from the Superior Court, Pierce County.*

This is a proceeding for what is termed in the statutes a writ of mandate.   In 1888 the inhabitants of the town of Puyallup, Pierce county, instituted proceedings under the act of February 2, of that year, for the incorporation of that town.   That act having been declared void by this court (*ante*, p. 98), the present petitioners made application to the respondents, the board of county commissioners, under the provisions of the act of March 27, 1890. The petition was presented to the county commissioners, who declined to act.   The petitioners thereupon applied for a writ to compel them to proceed, and the court issued an alternative writ of mandate, which on the final hearing was made peremptory.   The court being of the opinion that the case involved the determination of questions of law concerning the true and proper construction of the statutes of the state in relation to the incorporation of towns and cities and the enlarging of the boundaries thereof, and that it was desirable to have the opinion of the supreme court upon certain questions which are set out

in the opinion, certified the case to the supreme court under the provisions of § 453, Code Wash. T.

*Galusha Parsons*, and *B. F. Jacobs*, for petitioners.

*W. C. Jones*, Attorney General, for respondent.

The opinion of the court was delivered by

HOYT, J. — This cause comes to this court upon the certificate of the judge of the superior.court, that it is desirable to have the opinion of this court upon the questions presented, and upon the order of said superior court that the proceedings be brought here for the determination of four questions, as follows:

"1. Can a city incorporated under the act of February 2, 1888, Laws of 1887, page 221, entitled 'An act for the incorporation of towns and villages in the Territory of Washington,' incorporate under §§ 1, 2 and 3, of an act entitled 'An act providing for the organization, classification, incorporation and government of municipal corporations, and declaring an emergency,' approved March 27, 1890, Laws 1890, page 131?

"2. Can a city incorporated under the act of February 2, 1888, incorporate under §§ 1, 2 and 3 of the act of March 27, 1890, with a larger territory than that included in the original boundaries?

"3. Should not a city incorporated under the act of February 2, 1888, re-incorporate under §§ 4, 5 and 6 of the act of March 27, 1890?

"4. Must not cities incorporated under the act of February 2, 1888, enlarge their boundaries under § 9 of the act of March 27, 1890, or under an act entitled 'An act to provide for extending and enlarging the corporate limits of any city, town or village in this state, and for consolidating and uniting cities, towns and villages, and declaring an emergency,' approved February 26, 1890?"

The first two of these questions are clearly pertinent to the controversy between the parties, and their rights cannot be determined without a finding which must substantially answer said questions. We, therefore, think them properly before us for decision. An answer to the other

two questions is not necessary to the determination of this action, and for that reason we do not feel called upon to answer them. We, however, fully appreciate the fact that they relate to matters of grave public interest, and that the object of the lower court in sending them here was a most worthy one, and had the case been as fully presented by counsel affirming the right of cities to re-incorporate under ¿¿ 4, 5 and 6 of the act in question as it has by those inclined to a contrary view, we should perhaps feel at liberty to enter upon the investigation thereof, but as this has not been done we must decline to examine these questions, and content ourselves with a decision of the first two, as above stated.

If the proviso in ¿ 1 of the act in question had been omitted from said section, and ¿ 6 from said act, it would be clear that the territory included within that part of a county in which a void attempt at incorporation had been made was as fully covered by the act as any other. All attempts to incorporate under the act of February 2, 1888, were absolutely void, and such attempts (unless legalized by legislation) did not, and could not, change the *status* of the inhabitants included in the territory so attempted to be incorporated, and ¿¿ 1, 2 and 3 of the act in question apply to all such territory the same as to any other.

It follows that the only inquiry necessary is as to the effect upon the question before us of said proviso to ¿ 1, and said ¿ 6. It has been suggested upon the argument that said portions of the act were absolutely void. That it was not competent for the legislature to thus indirectly vivify and give force to acts of attempted incorporation, but as we see our way clear to decide this cause without determining as to the soundness of such argument, for the reasons hereinbefore stated, we shall decline so to do.

We are of the opinion that even if such portions of said act are valid, they are not exclusive. That the most that can be claimed thereunder is, that by virtue thereof it was

competent for such attempted incorporation, by taking steps thereunder to become legal incorporations. Assuming that it was within the power of the legislature to have legalized all such attempted incorporations, it cannot be contended, that by the passing of the act in question, it has done so. That is, it cannot be claimed that at the time this law took effect it then and there transformed all these attempted incorporations into real ones. Until by some act of the so-called corporations or of their board of officers, the territory and the inhabitants therein were as much a part of the body of the county as any other part of the same. And if a part of the county at large, then such inhabitants, either by themselves or with others of the county, could avail themselves of the provisions of said §§ 1, 2 and 3, and become incorporated as a body politic.

Let it be certified to the court below that this court answers the first two questions submitted in the affirmative, and that it declines to answer the others. And that the judgment of the superior court in this cause is affirmed, and the same remanded to said court for further proceedings thereon.

ANDERS, C. J., and STILES, SCOTT and DUNBAR, JJ., concur.