[No. 1077.  Decided November 7, 1893.]

THE TOWN OF DENVER *et al.*, *Appellants*, v. THE CITY
OF SPOKANE FALLS *et al.*, *Respondents.*

PLEADING — GENERAL DENIAL — ADMISSION OF CORPORATE EXIST-
ENCE — CONSTITUTIONAL LAW — INCORPORATION OF TOWNS BY
SPECIAL ACT — LEGISLATIVE RECOGNITION OF DE FACTO CORPO-
RATIONS.

Although the denial in answer to a complaint may not be as
specific as good pleading requires, for the reason that defendants
"say that they deny each and every allegation," yet where there is
no motion to make the denial more specific, and it appears from

the answer as a whole just what allegations of the complaint are denied and what are admitted, the denial will be held sufficient.

A plea of general denial does not, under Code Proc., § 194, subd. 1, admit the corporate existence of plaintiff, where that is a necessary allegation of the complaint.

Sec. 6 (Laws, 1890, p. 135) of the act providing for the organization, classification, incorporation and government of municipal corporations, which authorizes the re-incorporation of void municipal corporations, is null and void for the reason that it violates the constitutional inhibition against creating municipal corporations by special laws.

The passage by the legislature of a void law with the intent of legalizing attempted incorporations, or empowering them to re-incorporate, cannot be construed as a legislative recognition of such municipal corporations.

*Appeal from Superior Court, Spokane County.*

*Thomas C. Griffitts,* for appellants.

*James Dawson,* and *Jones, Belt & Quinn,* for respondents.

The opinion of the court was delivered by

ANDERS, J.—This controversy grew out of an assumption on the part of the defendant, city of Spokane Falls, to exercise authority and jurisdiction in municipal matters over certain territory claimed by the plaintiff, the town of Denver, to be embraced within its corporate limits. The defendants claimed that the disputed territory was legally annexed to the city of Spokane Falls, and became a part thereof, by virtue of an election held for that purpose on July 26, 1890, in conformity with the provisions of § 9 of the act of March 27, 1890 (Laws, p. 136), entitled "An act providing for the organization, classification, incorporation and government of municipal corporations, and declaring an emergency," and that the inhabitants of the alleged town of Denver ever since have been, and still are, amenable to the same laws and ordinances by which the remain-

ing portion of the city is governed and regulated, and that
its officers have the same powers there that they may law-
fully exercise elsewhere within the corporate limits of the
city.     On the contrary, the plaintiffs contend that the town
of Denver was, long prior to and at the time of said annex-
ation proceedings, a legally organized and acting municipal
corporation, and that said proceeding was, as to it, illegal,
null and void; and it sought, by this action, to restrain the
defendants from proceeding further in the matter of said
election, or canvassing the vote thereof, held in said town
of Denver, or from asserting any right or authority what-
ever over the said town or any of its inhabitants, or the
property of any of its inhabitants, or interfering with the
proper exercise of the corporate franchises and privileges
of said town, and of the official duties of its mayor and
aldermen, and to obtain a decree declaring the election
and proceedings concerning the extension of the boundaries
of the city of Spokane Falls to be null and void.     It is al-
leged generally in the complaint that the plaintiff, the town
of Denver, now is, and at all times hereinafter mentioned
has been, a municipal corporation, duly organized and ex-
isting under and by virtue of the laws of the State of
Washington; and it is further specially alleged that on the
16th day of June, 1889, it was duly incorporated under
and by virtue of the provisions of an act of the legislature
of the then Territory of Washington, entitled "An act for
the incorporation of towns and villages in the Territory of
Washington," approved February 2, 1888 (Laws, p. 221),
and then and there became, ever since has remained, and
now is, a municipal corporation duly organized and acting;
and that on the 15th day of May, 1890, it re-incorporated
as a municipal corporation under and by virtue of a law of
the State of Washington entitled "An act providing for
the organization, classification, incorporation and govern-
ment of municipal corporations, and declaring an emer-

gency," approved March 27, 1890, in the manner prescribed in § 4 of said act (Laws, p. 133), as a municipal corporation of the fourth class, as therein provided.

The learned counsel for the appellants strenuously insist that these allegations were not denied in the answer, and must, therefore, be deemed admitted. The point made is that the attempted denial is bad in form, and, if valid at all, amounts to a plea of the general issues only, and that such a plea admits the corporate existence of the plaintiff. The particular part of the answer thus objected to is as follows:

"Now come the above named defendants, and for their answer to the third amended and supplemental complaint of the plaintiffs herein say that they deny each and every allegation, matter and thing in said complaint contained, except those hereinafter admitted."

It must be admitted that this form of pleading is objectionable, and not to be commended. It is just as easy for a defendant to deny positively any allegation of the complaint controverted by him, and thus conform strictly to the requirements of the code, as it is to "say" he denies. "But such a form is nevertheless a denial, and, if not objected to at the proper time, will be sustained." Maxwell, Code Pl. 390. While the denial in this case is not so specific as it should have been, yet, inasmuch as the defendants were not required by motion in the court below to make it more specific, we do not think we ought now to declare it insufficient, especially as it appears from the answer as a whole just what allegations of the complaint are denied and what are admitted. See Boone, Code Pl., § 60, and cases cited; Maxwell, Code Pl., p. 388.

But, as before intimated, it is claimed by counsel for the plaintiffs that, even if the said allegations of the answer constitute a denial in any sense, still they are not sufficient to require proof of the corporate existence of the town of

Denver.   Numerous authorities are cited to the proposition that by pleading the general issue the defendants admit the corporate existence of the plaintiff.   Some of the decisions cited, however, were based upon special statutes (see *Concordia Savings, etc., Association v. Read*, 93 N. Y. 474; *First National Bank v. Loyhed*, 28 Minn. 396 (10 N. W. Rep. 421), and others proceeded upon the theory that a plaintiff's capacity to sue is a preliminary question, which is waived by pleading to the merits.   The doctrine contended for by appellants is recognized by Mr. Wait, in his recent work on Insolvent Corporations, as one of very general application, but he admits that it is not universal, and that the question is more or less affected by the provisions of the different codes.   Wait, Insolv. Corp., § 136.   Our Code of Procedure, § 194, subd. 1, provides that the answer must contain a general or specific denial of each material allegation of the complaint controverted by the defendant, etc.; and it was manifestly intended by the legislature that such denials should put the plaintiff to his proof as to every allegation material to his cause of action. See Pomeroy, Remedies and Remedial Rights, § 683.   If, therefore, it was material for the plaintiffs, in order to state a cause of action entitling the town of Denver to the relief sought, or to any relief whatever (and we think it was), to allege the corporate existence of said town, we are of the opinion that the denials in the answer were sufficient to controvert that fact, and to require proof thereof.

But the respondents' counsel contends that the complaint shows on its face that the alleged town of Denver never was incorporated under any law of the Territory or State of Washington, and that for that reason the complaint fails to state facts sufficient to constitute a cause of action. And the argument is, that the act of February 2, 1888, under which it first attempted to organize, was void, and so declared by this court in *Territory v. Stewart*, 1 Wash. 98

(23 Pac. Rep. 405), and that § 6 of the above mentioned act of March 27, 1890, under which it is alleged it re-incorporated, is also null and void, as being in direct conflict with the provisions of the constitution of the state.    A serious and important question is thus presented for our determination, for, if the town of Denver, as such, never had an existence, it would seem logically to follow that the contention of respondents should prevail.    But it is earnestly insisted on behalf of the appellants that by its organization under the void act of February 2, 1888, and the exercise of corporate powers, the town of Denver became at least a *de facto* corporation, and that by its reorganization it became a corporation *de jure*, the existence of which cannot be called in question in this action.    In support of this position the general rule of law is invoked that when the existence of a corporation has been recognized by acts of the legislature, all inquiry as to the original creation of the corporation is precluded; that it becomes by such recognition *ipso facto* a legal corporation, whatever defects or irregularities there may have been in the proceedings required by law to be taken for its organization.    We have no doubt of the correctness of this proposition, generally, for it has many times been enunciated by the courts.    See Wait, Insolv. Corp., § 484, and cases cited.    Nor do counsel for the respondents question it.    But they do question the power of the legislature to enact the law by which the town of Denver claims to have been recognized as an existing municipal corporation; and, furthermore, they deny that the legislature, by the statute in question, or by any other statute, ever attempted or assumed to recognize its corporate existence.    In other words, it is insisted that § 6 of the act of March 27, 1890 (Laws, p. 135), is in contravention of subd. 6, § 28, art. 2, and also of § 10, art. 11 of the constitution of the state, and is therefore null and void,

and conferred no rights or privileges upon the so-called town of Denver.

The following are the respective provisions of the constitution above mentioned:

"The legislature is prohibited from enacting any private or special laws in the following cases: (6) For granting corporate powers or privileges. . . . Corporations for municipal purposes shall not be created by special laws; but the legislature, by general laws, shall provide for the incorporation, organization and classification in proportion to population, of cities and towns, which laws may be altered, amended or repealed," etc.

And it is contended that § 6 of the act of March 27, 1890 (Laws, 1889–90, p. 135), is inimical to those constitutional provisions, and especially the latter, for the reason that the legislature thereby attempted to confer upon certain communities which had previously undertaken to incorporate under an invalid law the right to incorporate under the statute without reference to population, but solely by reason of their peculiar condition. As to such communities, is this a general or a special law? It is claimed by the learned counsel for the appellants that it is general, because it applies to all communities in the state similarly situated. But we think that cannot be said to be the exclusive test. If the operation and effect of a statute is necessarily limited to a particular class or number of persons or things, it is as much a special statute, whatever may be its form, as it would be if it applied to but one person or thing only. Now, the legislature found certain aggregations of citizens, in different localities throughout the state, assuming, without warrant of law, to be municipal corporations, and, in order to relieve them from the embarrassment consequent upon the condition in which they had placed themselves, enacted the section of the statute in question. Would the character of the pro-

vision be different if it applied to but one such community instead of several? Manifestly it would not. We think it was, and was intended to be, a special provision, applicable solely and exclusively to existing conditions. It is, therefore, not a general law, and, as it purports to grant special corporate powers and privileges to the appellant town and its so-called officers, it is unconstitutional, and consequently void. See *City of Topeka v. Gillett*, 32 Kan. 431 (4 Pac. Rep. 800; 5 Am. & Eng. Corp. Cases, 390), in which case the court, upon an elaborate review of the adjudged cases upon this question, reached the same conclusion we have arrived at in this case; and, being unconstitutional, it is as ineffectual and inoperative as though it had never been passed. *Norton v. Shelby Co.*, 118 U. S. 425 (6 Sup. Ct. Rep. 1121). It was no law, and the claim of legislative recognition of appellant as a municipal corporation is therefore without foundation, and must fall. In *In re Campbell*, 1 Wash. 287 (24 Pac. Rep. 625), this court held that the legislature, by the act of March 27, 1890, did not legalize attempted incorporations under the act of February 2, 1888, and we are now constrained to hold that they had not the power to do so, whatever the intention may have been; and, this being so, it follows that the town of Denver, as shown by the complaint, never had a legal corporate existence, and is, therefore, not entitled to the relief sought. Nor do we think that the complaint states a valid cause of action in favor of the mayor and aldermen, who were joined as plaintiffs. And as what we have already said is decisive of this case, it is not necessary to determine other points which are ably discussed in the briefs of counsel.

The judgment appealed from is affirmed. ·

DUNBAR, C. J., and SCOTT, STILES and HOYT, JJ., concur.