[No. 1187. Decided March 28, 1894.]

THE CITY OF PULLMAN, *Appellant*, v. J. A. HUNGATE AND ELIZABETH HUNGATE, *Respondents*.

MUNICIPAL CORPORATIONS — VALIDATION OF VOID INCORPORATIONS.

The act of March 9, 1893 (Laws, p. 183), providing for the legalization of those cities and towns which had attempted to incorporate or re-incorporate under the act of March 27, 1890, where such bodies had, at the date of the passage of the act, an organized government, which had been maintained since the date of such attempted incorporation, is constitutional and sufficient to validate a *de facto* town which had attempted to incorporate under the void act of February 2, 1888, and again to re-incorporate under the unconstitutional provisions of §4 of the act of March 27, 1890. (STILES and ANDERS, JJ., dissent.)

*Appeal from Superior Court, Whitman County.*

*V. E. Bull*, for appellant.

*Thomas Neill*, for respondents.

The opinion of the court was delivered by

HOYT, J.— But a single question is raised by the record in this case, and argued in the briefs of the respective parties, and that is as to whether or not the city of Pullman is a legal municipal corporation.   It was originally incorporated under the law of February 2, 1888 (Laws, p. 221), and an attempt was made to re-incorporate under the provisions of § 4 of the act of March 27, 1890 (Laws, p. 133). The said act of 1888 was declared unconstitutional by this court in the case of *Territory v. Stewart*, 1 Wash. 98 (23 Pac. 405).   And in the case of *Town of Denver v. Spokane Falls*, 7 Wash. 226 (34 Pac. 926), it was further held that attempted incorporations under said act could not re-incorporate under the act of March 27, 1890, for the reason that so much of said act as attempted to confer such right was unconstitutional.

It is claimed on the part of the respondents that these two decisions are decisive of the question involved in this appeal.   Their contention in that regard must be sustained, unless the situation has been changed by the act of March 9, 1893 (Laws, p. 183), legalizing the incorporation or re-incorporation of cities and towns.   Appellant contends that it appears from this act that it was the intent of the legislature to legalize all bodies which had incorporated or re-incorporated, or attempted to incorporate or re-incorporate, under the provisions of the act of March 27, 1890, and, construing all the language of said act in the light of the circumstances surrounding its enactment, such must be its construction.   From which it will follow that, if said act can have force under our constitution,

cities like the one under consideration have been thereby transformed into organized bodies corporate.

It is claimed on the part of the respondents that, if this act be construed to apply to the attempt of cities incorporated under the act of 1888 to incorporate or re-incorporate, it will be unconstitutional for the reasons assigned by this court in the case of the *Town of Denver v. Spokane Falls*, *supra.* They argue in that behalf that since the provisions of the act of 1890, which purport to authorize the incorporation or re-incorporation of such towns, were unconstitutional, everything done thereunder would be absolutely void, and effectual for no purpose whatever. This is doubtless true, and if the act under consideration had stopped with the announcement of its intention to legalize such towns as had been so incorporated or re-incorporated, it would have been ineffectual for the purpose for which its aid is invoked by appellant here. But it did not stop there; it went further, and provided that if those bodies which had so attempted to incorporate or re-incorporate had, at the date of the passage of the act, an organized government which had been maintained since the date of such attempted incorporation, such organized bodies should thereafter be legal incorporations. In other words, the legislature did not seek specifically to legalize the incorporation or attempted incorporation which, being void, was, perhaps, incapable of legalization, but rather sought to legislate as to constituted bodies which, in fact, existed and were maintaining, under claim of authority so to do, the character of municipal corporations. In our opinion it was within the power of the legislature so to deal with these *de facto* bodies regardless of the question as to the rightfulness of their assumption of the powers under which they were purporting to act. In the absence of any constitutional inhibition as to special legislation, it would be competent for the legislature to take notice of the fact

that a body of men occupying a certain locality were assuming to exercise certain powers, and to declare that thereafter they should constitute a corporation with such powers as they had theretofore been assuming to exercise.

Such being the case, we see no reason why the legislature could not take notice of the fact that there was a class of such bodies, and enact laws in relation thereto without infringing the provisions of the constitution against special legislation. The fact that the inhabitants of a certain locality, by their own action, have assumed to act in a particular capacity distinguished from that of the people at large, so separates them as a class from the rest of the people of the state that the legislature may properly deal therewith in a different manner than with the rest of the people without its action being special legislation. It is true that there can hardly be such a thing as a corporation *de facto* in a strict sense, but it is equally true that there may well be such a segregation of a body of people in a certain locality, by their action and assumption of power, that they do in fact bear a different relation to the government from that of the people who have not so segregated themselves.

In our opinion, the act in question was constitutional as applied to cities like the one under consideration, and by its terms made them valid incorporations, with the powers and duties under which they were assuming to act at the date of its passage.

The judgment of the superior court must be reversed, and the cause remanded for further proceedings.

DUNBAR, C. J., and SCOTT, J., concur.

STILES, J. (*dissenting*).—I see no difference between this case and that of *Town of Denver v. Spokane Falls.* If the legislature could not pass a valid law having in contemplation the void incorporations attempted under the

act of 1888, it could not do the same thing under the guise of a validation act in 1893.

ANDERS, J. — I concur in the above.