[No. 1372.   Decided June 5, 1894.]

ROBERT ABERNETHY, *Appellant*, v. THE TOWN OF MEDI-
CAL LAKE, *Respondent*.

REINCORPORATION OF ILLEGAL TOWNS — VALIDATION OF CON-
TRACTS — ISSUANCE OF IRREGULAR WARRANTS — REMEDY.

Under the act of March 9, 1893, legalizing the reincorporation
of towns theretofore illegally incorporated, and validating the con-
tracts of such towns, a contract to pay the bondsmen of a contractor
for finishing the grading of a street, which the contractor had failed
to complete under a contract providing for payment at the expense
of abutting property owners, is a binding obligation on the town.

Where a claim against a town has been allowed, and irregular
warrants issued therefor, which the treasurer refuses to pay, the
claimant is not entitled to an action against the town upon the
original contract, but must first move the ministerial officers, by
request or mandamus, to the issuance of proper warrants.

*Appeal from Superior Court, Spokane County.*

*Prather & Danson*, for appellant.

*Jones, Belt & Quinn*, for respondent.

The opinion of the court was delivered by

STILES, J.—It was decided in *Pullman v. Hungate*, 8
Wash. 519 (36 Pac. 483), that those municipal incorpora-
tions which were declared to be void in *Territory v. Stew-
art*, 1 Wash. 98 (23 Pac. 405), and whose attempted
resuscitation was held unsuccessful in *Town of Denver v.
Spokane Falls*, 7 Wash. 226 (34 Pac. 926), had been le-
gally established as corporations by the act of March 9,
1893 (Laws, p. 183), and that a complaint which showed
an attempt at a street assessment under the act of 1890
could be maintained under the act of 1893. *Pullman v.
Hungate* has been followed in several other cases, and it
applies in this case where there was a contract made by the
town to pay money, instead of a tax or assessment levied

by it.   The town in territorial days took steps toward the grading of a street at the expense of property owners. The contractor failed to complete the work, and after the reorganization of the corporation in 1890 the council proposed to persons who had been bondsmen of the contractor that if they would finish the work the town would accept it, and "ratify the indebtedness incurred on said street." The proposition was accepted, the work completed and reported satisfactory, and an ordinance was passed declaring a certain sum to be indebtedness of the town in favor of plaintiff's assignor.   Without further order the mayor and clerk issued warrants, the payment of which was limited to the "Lefevre street grade fund," but there was no such fund, and payment has been refused by the treasurer for want of funds.

The authority of *Pullman v. Hungate* must decide this case on the main point of the plaintiff's right to have a recovery.   The act of 1893 expressly provides that all contracts made by the cities and towns therein legislated for are declared legal and of full force and effect.   The undertaking of the respondent town was a contract which the legislature could have authorized the town to make, and it could therefore render it valid afterward, the other party consenting.   That, under the act of 1888 (Laws, p. 221), streets could be improved only at the expense of abutting owners (if such in fact be the case), can have no effect to restrict the payment of this debt to a "grade fund." The contract was general and was made after the supposed valid organization under the act of 1890, which authorized the council to expend from the general fund any sum they deemed necessary for the improvement of streets. (Laws, p. 206, § 161, proviso.)   A contract of this nature must be supposed to be within the contemplation of the act of 1893.

But has the appellant pursued the proper remedy?   Finding against the respondent on the main proposition, we see

8—9 WASH.

no necessity for advantage to grow out of this action. The complaint shows a settled and allowed claim against the town, and the issuance of slightly irregular warrants which can, upon demand, be replaced by proper general fund warrants of the same dates. These can be had upon application to the mayor and clerk, and, if they refuse, mandamus will lie to compel the performance of their duty. These warrants the treasurer must pay in the order of their issuance, out of any funds coming into his hands belonging to the general fund, and if he refuses a like suit will lie against him. The statutes prescribe how municipal corporations shall pay ordinary contract debts, viz., by the issuance of a warrant payable in its order, with interest from date of presentation. But it is not contemplated that the owner of an allowed claim shall sue the corporation generally, upon the original contract, when the clerk or other officer refuses to issue a warrant; nor that the holder of a warrant which the treasurer declines to pay shall get a judgment upon the warrant. Such a judgment, like a judgment upon a claim disallowed, would again be settled by a warrant, and take its turn in the order of payment. The contracting powers of the town have done all they can by the making of the contract and the allowance of the claim; it is the ministerial officers who are now in fault, and the plaintiff must move them to action before he is entitled to any other remedy. Dillon, Mun. Corp. (4th ed.), §§ 849, 850, and notes.

Judgment of dismissal affirmed.

DUNBAR, C. J., and ANDERS and SCOTT, JJ., concur.

HOYT, J., concurs in the result.