[No 2290. Decided October 19, 1896.]

THE STATE OF WASHINGTON, *on the Relation of Traders' National Bank of Spokane, Appellant*, v. ARTHUR T. WINTER, *Treasurer, Appellant.*

MUNICIPAL CORPORATIONS — ASSUMPTION OF ILLEGAL INDEBTEDNESS — POWER OF LEGISLATURE TO AUTHORIZE — DELEGATION OF POWERS.

Indebtedness incurred by a void municipal organization may be assumed as a valid indebtedness by a duly organized municipal corporation subsequently incorporated within the same territory under a statute providing for the re-incorporation of such towns and legalizing contracts and obligations theretofore made or entered into by such void corporations.

It is competent for the legislature to direct the payment by a municipal corporation of a claim that the law does not recognize as a legal obligation, and to ratify any act which it could have authorized to be done.

An ordinance providing for the surrender to, and filing with, the mayor and clerk of a town of certain warrants issued by the town under a void incorporation thereof and directing the issuance of

new warrants by such officers is not a delegation to them of power belonging to the council, when the ordinance itself shows that the council had audited and allowed such warrants by expressly recognizing the validity of the claims upon which they were issued.

Appeal from Superior Court, Stevens County.—Hon. JESSE ARTHUR, Judge.    Reversed.

*Graves, Wolf & Graves,* for appellant.

*S. & J. W. Douglas,* and *W. M. Murray,* for respondent.

The opinion of the court was delivered by

GORDON, J.—This was an application in the lower court for a writ of mandate compelling the respondent, as treasurer of the town of Colville, (a municipal corporation of the fourth class,) to pay certain warrants of said municipality held and owned by the relator.    An issue of fact having been formed, the case was tried below upon an agreed statement of facts, and from a judgment dismissing the application, the relator has appealed.

From the agreed statement of facts which has been brought to this court it appears that some time in the year 1888 the territory now embraced within and constituting the present town of Colville was incorporated under the corporate name of "The Town of Colville," under and by virtue of an act of the legislature of the territory of Washington approved February 2, 1888. (Laws 1887-8, p. 221).    This act was subsequently declared to be unconstitutional.    (*Territory v. Stewart,* 1 Wash. 98 (23 Pac. 405).    After its attempted incorporation, and prior to the decision in *Territory v. Stewart, supra,* said town proceeded to exercise corporate functions, to elect officers and incur indebtedness for street improvements and otherwise, in payment of which in-

debtedness warrants were issued upon its treasury.
The statement shows that "the said town became in-
debted to the Stevens County Bank for various and
divers sums of money, being the same sums of money
as are expressed upon the face of the warrants herein
referred to, and in discharge of said indebtedness the
then mayor and the then clerk of said old town duly
and regularly in all things as required by law, drew
the several warrants of the said town in payment
thereof, and the same were delivered to the said
Stevens County Bank. . . . That said warrants
would have been valid and binding upon said town
but for the unconstitutionality of the act under which
its then incorporation was had." It further appears
from said statement that *after* the act under which the
old town attempted to incorporate had been declared
unconstitutional, and prior to the 23d of December,
1890, the territory and inhabitants embraced within
the town of Colville, as incorporated under the act of
February 2, 1888, already referred to, incorporated un-
der an act of the legislature of the state of Washing-
ton approved March 27, 1890 (Laws 1889–90, p. 131);
that thereafter, on the 6th of January, 1891, the town
council of said town as at present organized passed
ordinance No. 22, entitled, "An ordinance to provide
for the payment of an indebtedness of the town of
Colville, Washington, by the redemption of old war-
rants, and for the issuance of new ones therefor rep-
resenting said indebtedness." Said ordinance among
other things recites:

"That whereas the said town of Colville, Washing-
ton, by and through the board of trustees thereof, in-
curred a large indebtedness for public improvements
and other necessary and legitimate purposes, and did
issue its municipal warrants or orders in payment

thereof; and whereas the said town of Colville, Washington, is desirous of paying the just indebtedness aforesaid of the said town and *having received and enjoyed the benefits derived from said indebtedness* and as a just and proper municipal indebtedness therefor."

The ordinance then provides for the surrendering and filing with the town clerk of said town of the warrants of the old town for redemption and cancellation, and authorizes the issuing of new warrants by said town as at present incorporated "in all respects as other warrants are now issued by said town council," for the amount or amounts due upon said redeemed and canceled warrants."

Upon the part of the respondent it is contended, (1) that the town of Colville did not have the power to assume and pay indebtedness incurred by the old town organization acting under the unconstitutional law of 1888; (2) that the ordinance authorizing the issuance of warrants of the present town in lieu of the old warrants was and is invalid because it was a delegation to the mayor and town clerk of power residing in the council.

We think that neither of these positions can be maintained. As to the first, § 165 of the act of March 27, 1890, under which the present town is incorporated, as amended by the act of March 7, 1891, (Session Laws of 1891, p. 279), provides that —

"Nothing in this chapter contained shall be construed to prevent any town having a bonded or other indebtedness contracted under laws heretofore passed from levying and collecting such taxes for the payment of such indebtedness; . . . and provided further that any ordinance duly passed by the town council of any town *prior to the passage of this act* authorizing the payment of said indebtedness, shall be and the same is hereby declared valid (and legal and binding)."

The action of the trustees of the old town, in making improvements and incurring the supposed valid indebtedness evidenced by its warrants constituted a. moral obligation upon the inhabitants and territory thereafter included within the corporate limits of the present town, and the legislative enactment above referred to was for the purpose of legalizing and validating ordinances of the scope and character of ordinance No. 22, *supra*. It is not contended that it was not competent for the legislature to pass such validating enactment, but if any doubt could exist as to the effect of the passage of the ordinance and the mandatory act of 1891, *supra*, that doubt, we think, is removed by the further act of March 9, 1893, (Session Laws of 1893, p. 183), which provides that —

"The incorporation of all cities and towns in this state heretofore had or attempted under sections one, two and three of an act entitled, 'An Act providing for the organization, classification, incorporation and government of municipal corporations, and declaring an emergency,' [being the act under which the present town is incorporated,] . . . is hereby for all purposes declared legal and valid . . . And all *contracts and obligations* heretofore made, entered into or incurred, by any such city or town so incorporated or *re-incorporated* are hereby declared legal and valid and of full force and effect."

It is competent for the legislature to direct the payment; by a municipal corporation, of a claim that the law does not recognize as a *legal* obligation, and to ratify any act which it could have authorized to be done. 1 Dillon, Municipal Corporations, (4th ed.), § 75; *New Orleans v. Clark*, 95 U. S. 644; *Mayor v. Tenth National Bank*, 111 N. Y. 446 (18 N. E. 618);

*Mayor of Guthrie v. Territory,* 1 Okl. 188 (31 Pac. 190); *Baker v. Seattle,* 2 Wash. 576 (27 Pac. 462).

Indeed this question can scarcely be considered an open one in this state, since the decision in *Abernethy v. Town of Medical Lake,* 9 Wash. 112 (37 Pac. 306), a case which presented almost the identical questions which we are here considering.

As to the second objection urged by the respondent, viz., that the ordinance is invalid because attempting to delegate power belonging to the council, we think that the ordinance itself contains sufficient evidence of the fact that the warrants in question were audited by the council, and expressly recognizes the validity of the claims upon which the warrants in question were issued. Such recognition and authority to its ministerial officers to issue the warrants is all that is required to constitute the auditing and allowance of a claim on the part of the council.

Upon the pleadings in the case and the agreed statement of facts, we think that judgment should have been for the relator, and the cause will be remanded for further proceedings in accordance with this opinion.

HOYT, C. J., and ANDERS, DUNBAR and SCOTT, JJ., concur.