[No. 2483.  Decided February 5, 1897.]

THE STATE OF WASHINGTON, *on the Relation of F. P. Hemen, Respondent,* v. THE CITY OF BALLARD *et al., Appellants.*

MUNICIPAL CORPORATIONS — ILLEGAL INCORPORATION — VALIDATION OF CONTRACTS — REASSESSMENT FOR LOCAL IMPROVEMENTS — STATUTE OF LIMITATIONS.

Laws 1893, p. 226, § 1, providing for a reassessment for local improvements in cities and towns, when the original assessment has been declared invalid for any cause, does not contemplate a direct proceeding for the purpose of adjudicating its invalidity, but it is sufficient if its illegality has been declared either directly or by virtue of any decision of a court.

Contracts for local improvements in towns illegally incorporated under the acts of 1888 and 1890 are expressly validated by Laws 1893, p. 183, providing for the legalization of towns which had attempted to incorporate or reincorporate under Gen. Stat., §§ 496–500; and a reassessment for such improvements is authorized by Laws 1893, p. 226, since the invalidity of assessments during the period of void incorporation had been adjudicated by the courts in the case of other towns similarly situated.

The statute of limitations will not begin to run against rights of action arising out of the contracts of a town illegally incorporated, until the subsequent validation of the incorporation and of its contracts theretofore made.

The act of March 20, 1895 (Laws 1895, p. 270), providing that actions to enforce liens for special assessments by cities and towns may be commenced within ten years after their delinquency, has the effect of giving a ten years' extension to rights of action which had not been barred by the two years' limitation act at the time of the taking effect of the later act.

Appeal from Superior Court, King County.—Hon. J. W. LANGLEY, Judge. Affirmed.

*P. V. Davis*, for appellants.

*Battle & Shipley*, for respondent.

The opinion of the court was delivered by

GORDON, J.—The town of Ballard was originally incorporated under the provisions of the act of February 2, 1888, providing for the incorporation of towns, which act was held unconstitutional in *Territory v. Stewart*, 1 Wash. 98 (23 Pac. 405). Thereafter the town of Ballard attempted to reincorporate under the provisions of the act of March 27, 1890 (§§ 496–500, inclusive, 1 Hill's Code), which latter act, in *Town of Denver v. Spokane Falls*, 7 Wash. 226 (34 Pac. 926), was also held invalid. After such attempted reincorporation, proceedings were taken for the improvement of a large number of streets in the said city, and assessments were levied upon property fronting on said streets to defray the expenses of such improvement. Said assessments so attempted to be levied were not paid by the property owners, and thereafter became delinquent. From time to time, during the progress of the work, street grade warrants were issued by the city to the contractors, in payment of labor and materials used in such improvement. These warrants

were made payable out of special street improvement funds.    Thereafter, they were presented to the municipal authorities for payment and payment refused on account of the lack of funds.    On March 9, 1893, an act was passed legalizing and validating the incorporation or reincorporation of towns and cities attempted under the provisions of the act of March 27, 1890.   Session Laws 1893, p. 183.

The respondent herein, who is the owner of a large number of the warrants heretofore referred to, commenced this suit for the purpose of compelling the authorities of Ballard to levy reassessments under the provisions of the act of March 9, 1893 (Session Laws, p. 226), to enforce the payment of the cost of improving said streets.    The affidavit of respondent in support of his motion for the writ, in addition to stating the facts already cited, sets out the various ordinances and proceedings under which the improvements were made and the attempted assessments laid.    Also that demand had been made by the holders of the warrants upon the authorities of Ballard to take proceedings to raise funds for their payment.

To the alternative writ which was issued, and the affidavit upon which it was based, the city entered a general demurrer, which was overruled, and, appellants having elected to stand by their demurrer, the court proceeded to hear the cause, made its findings of fact and conclusions and entered a decree in which it was determined that the original proceedings for the levying of the assessment were invalid and void, and directed the issuance of a peremptory writ requiring the authorities of Ballard to proceed in the manner provided by law for the making of reassessments. From the order overruling this demurrer and the decree as entered. the city has appealed.

It is urged by the appellants that the demurrer should have been sustained, for three reasons: (1) Because there had been no prior judicial determination of the invalidity of the original assessments as to any of the streets which had been improved. This contention is founded upon a provision contained in § 1 of the act of 1893, which in substance is as follows : That when ever an assessment for laying out, establishing or grading " any street, avenue, or alley or for any local improvement which has heretofore been made or which may hereafter be made by any city or town, *has been or may be hereafter declared void and its enforcement under the charter or laws governing such city or town refused by the courts of this state,* or for any cause whatever has been heretofore or may be hereafter set aside, annulled or declared void by any court, either directly or by virtue of any decision of such court, the council of such city or town shall, by ordinance, order and make a new assessment or reassessment upon the lots," etc. It is not pretended that any authority existed in the town of Ballard as incorporated under the acts of 1888 or 1890, *supra*, to levy assessments for street improvements or otherwise, inasmuch as both of those acts were unconstitutional. *Territory v. Stewart, supra; Town of Denver v. Spokane Falls, supra.*

The effect of these decisions was to render all proceedings attempted by virtue of those acts ineffectual for any purpose, as much so as if they had been so declared by a decree in a direct proceeding; and the language of § 1, *supra*, clearly includes such a case. That language is: ". . . or declared void by any court, either directly *or by virtue of any decision of such court.*" Hence, we think that no prior adjudication of the invalidity of these various assessments in a direct pro-

ceeding was necessary before the city could proceed to reassess under the provisions of the act of 1893.

2. It is next contended that because the city was without power to authorize the improvement of streets pursuant to the acts of 1888 or 1890, everything done or attempted by it during the period of its existence under said acts was absolutely void, and, being so, it is without power or authority to reassess under the act of 1893.    This objection is fully met and answered by the decision of this court in *Pullman v. Hungate*, 8 Wash. 519 (36 Pac. 483), where it was held that the act of March 9, 1893 (Session Laws, p. 183), providing for the legalization of cities and towns which had attempted to incorporate or re-incorporate under the act of March 27, 1890, was constitutional and sufficient to validate the *de facto* town which had attempted to incorporate under the void act of March 27, 1890.    The act in question by its terms made them valid incorporations with the powers and duties *under which they were assuming to act at the date of its passage.*    The act itself expressly provides that, "All contracts and obligations heretofore made, entered into or incurred by any such city or town so incorporated or re-incorporated, are hereby declared legal and valid and of full force and effect" (Laws 1893, p. 184); and we think that the contracts for grading and improving the various streets were among the "contracts  .  .  .  declared legal and valid" by that act.

See, also, *State, ex rel. Traders' National Bank, v. Winter* 15 Wash. 407 (46 Pac. 644), Cooley on Taxation (2d ed.), p. 312; 1 Dillon, Mun. Corp., § 79; *Boardman v. Beckwith*, 18 Iowa, 292; *City of Clinton v. Walliker* (Iowa), 68 N. W. 431.

3. The remaining ground upon which the demurrer was urged is that the assessments levied became de-

linquent more than two years prior to the commencement of this action, and all proceedings looking toward their enforcement were barred by the statute of limitations. The argument is that the collection of these assessments cannot be enforced by the city in a direct suit against the abutting property, because the bar of the statute is complete. We are of the opinion that the statute of limitations does not begin to run until a right of action exists, and it follows from what has been already said that no right of action existed in the town of Ballard to enforce these assessments prior to the going into effect of the act of March 9, 1893, legalizing and validating the incorporation or re-incorporation of cities and towns. That act had no emergency clause, and hence, under the constitution, did not go into effect until June 7, 1893. So that, clearly, the statute of limitations could not and did not begin to run until said last mentioned date, viz., June 7, 1893. It may be conceded that the statute of limitations then in force, as applied to actions to enforce assessments, required the action to be brought within two years. *Spokane v. Stevens*, 12 Wash. 667 (42 Pac. 123).

But by the passage of the act approved March 20, 1895, which by reason of its emergency clause went into effect on that day, it was provided that all actions to collect special assessments for local improvements of any kind, or to enforce any lien for special assessments, might be commenced " within ten years after said assessment shall have become delinquent or due." Session Laws 1895, p. 270.

It is not contended that the legislature had not power to extend the period of limitation at any time prior to the expiration of the period prescribed by the statute in force at the time of the passage of the new

law; and, inasmuch as the bar of the statute was not complete at the date of the going into effect of the act of March 20, 1895, it follows that, under the provisions of said last mentioned act any action to enforce these assessments may be instituted within ten years after the right of action actually accrued which, as above noticed, was on March 9, 1893.

The decision in the case of *Ballard v. West Coast Improvement Co.*, 15 Wash. 572 (46 Pac. 1055), wherein this court affirmed a judgment of the superior court which dismissed the action "without prejudice to whatever rights the plaintiff may have to make a re-assessment and to the laws relating to re-assessment," was based upon admissions of the parties at the trial which were considered of controlling consideration. The opinion in that case distinctly sets forth what those admissions were, and shows that the question was "determined upon the record which the parties have made." Nothing which was therein decided conflicts with the conclusions which we have reached in the present case.

It follows that the demurrer was properly overruled, and the decree appealed from will be affirmed.

SCOTT, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.