[No. 1855.  Decided June 22, 1895.]

J. A. CLOUD, *Respondent*, v. PHIL A. LAWRENCE *et al.*, *Appellants.*

MUNICIPAL CORPORATIONS — VALIDITY OF WARRANTS — MANDAMUS TO COMPEL PAYMENT — BORROWING MONEY BY TOWNS — MONEYS ADVANCED FOR CURRENT EXPENSES.

The objection that certain town warrants are void for the reason that they do not contain a statement of the purpose for which they were issued cannot be raised in an action to compel the levying of a tax for the purpose of their payment, when their validity as warrants has already been conceded by the town in a former action asking for judgment on them.

The fact that under a verbal agreement between a town and an individual the latter has advanced funds for the payment of the current expenses and public improvements of the town, for which its warrants have been issued to him and an ordinance passed by the town council directing the application of funds derived from taxation to the payment of such warrants, is sufficient to show a presentment and allowance of the claims, as required by Gen. Stat., § 675.

The fact that the obligations of a town of the fourth class incurred for current expenses and for public improvements have been taken up and discharged by an individual, to whom warrants have been issued covering such municipal indebtedness as has been discharged by him, is not an infringement upon the statutory prohibition against the borrowing of money by such towns.

*Appeal from Superior Court, Whatcom County.*

*Chambers & Lambert,* for appellants.

*J. T. Ronald,* for respondent.

The opinion of the court was delivered by

Scott, J.—This was a proceeding in mandamus, brought against the town council and town treasurer of the town of Sumas to compel the levying of a tax for the purpose of raising money to pay, and to compel payment of, two certain warrants theretofore issued by the town to the relator. These warrants contained no statement as to the purpose for which they were issued, but were otherwise regular in form. Prior to the present proceeding an action had been brought by the relator against the town to recover upon these warrants. Judgment was obtained by the plaintiff and the town appealed therefrom. The judgment was reversed on the ground that such an action would not lie, the remedy being by mandamus. *Cloud v. Town of Sumas,* 9 Wash. 399 (37 Pac. 305). Upon this last hearing the relator was again successful, and this appeal has been taken.

Appellants' main contention is, that the warrants are void in consequence of not containing a statement of the purpose for which they were issued, but we think they are precluded from raising this point. It was insisted in the other cause that the plaintiff could not bring an action on the warrants to recover a judg-

ment against the city, on the ground that he already had the city's evidence of indebtedness. This objection was sustained, and the effect of it was to decide, for the purposes of this case, that the warrants were regular in form. In fact, it was so stated in the opinion rendered. The point in question was not raised at said hearing. If it had been then made to appear that the warrants were invalid upon their face, and were not presumably entitled to payment, the case would have been decided otherwise.

It is further contended that the claims upon which these warrants were based, and for which they were issued, had never been presented to the town council, and also that they represented a loan of money, and that the council had no authority to borrow money.

It was stipulated at the hearing that the evidence introduced in the former case should be considered as the evidence in this case, and a somewhat fuller statement of the facts than was made in the other decision may be desirable. The town of Sumas was incorporated as a town of the fourth class in July, 1891, and during the month of August thereafter, being without funds to meet the corporate current expenses, or for making certain public improvements — it being desirous of paying cash therefor when made — the council passed a resolution to borrow so much money as might be necessary for that purpose; and, in pursuance thereof, entered into a verbal agreement with the relator, whereby it was agreed that relator should advance to the town, from time to time as requested, such sum or sums as might be required, not exceeding $5,000, to meet the current expenses and the cost of the contemplated improvements, until the collection by the town of the next taxes, from which he was to be repaid.

The moneys in question were advanced by the relator in pursuance of this agreement, and were placed to the credit of the town in the relator's bank, and the warrants were issued therefor. The amount so deposited to the credit of the town was thereafter paid out by the relator to various persons, to whom the town authorities directed it to be paid, in payment of the current expenses of the town and for making public improvements. Payments were made on the warrants issued to the relator from time to time until the 14th day of December, 1891, when some question having arisen as to whether or not the treasurer was paying the warrants fast enough, the council ordered him to pay these warrants out of the first moneys coming into his possession. On the 4th day of January, 1892, the town, through its mayor and common council, enacted an ordinance providing that from and after the passage thereof, and until such date as the indebtedness of the town to the relator, as evidenced by the warrants aforesaid, should be discharged, all moneys paid into the town treasury should be paid upon said warrants; and payments were made thereafter until July, 1892, since which time no payments have been made, and payment has been refused, and it appears that moneys have regularly come into the treasury since then and have been applied upon warrants drawn upon the same fund these warrants were issued upon, and subsequent thereto.

We think enough appears to show a sufficient presentment and allowance of the claims for which the warrants were issued, and that the proceeding was not so much a loaning of money as it was a contract to pay certain debts of the town. At the time of its organization the town had no funds, and a right to incur indebtedness was necessary to its corporate existence.

It did incur indebtedness, and issued its obligations to the respective parties with whom it contracted for services and materials. These obligations were taken up and discharged by the relator. They might have been preserved in their original form, and, if so, would have constituted a valid claim against the town; but, in pursuance of the arrangement between the town authorities and the relator, they were not so preserved, but were treated as canceled, and the warrants issued by the town authorities to the relator, which are in controversy, represent this money which went to pay valid indebtedness of the town.

We are of the opinion that the judgment of the court was right in the premises, and it is affirmed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.