[No. 1995. Decided November 12, 1895.]

THE STATE OF WASHINGTON, *on the Relation of Robert Abernethy, Appellant,* v. ED. MOSS, *as Mayor,* AND G. LEYSON, *as Clerk, of the Town of Medical Lake, Respondents.*

APPEAL — SERVICE OF STATEMENT — OBJECTIONS TO — WHERE RAISED — MANDAMUS — WAIVER OF OBJECTIONS TO ALTERNATIVE WRIT — LAW OF THE CASE — JUDGMENT — RES JUDICATA.

A statement of facts will not be stricken out by the appellate court upon the ground that the statement was served before it had been filed, when the only showing thereof is an affidavit presented to the appellate court alleging such fact. (DUNBAR, J., dissents).

Objection to a statement of facts because a copy of the same was served before the original was filed should be made to the trial, and not to the appellate, court. (DUNBAR, J., dissents).

An objection that an alternative writ of mandate does not show upon its face that the petitioner therefor is entitled to any relief is waived, when the respondents, without demurring thereto, answer and take issue upon the matters alleged in the petition.

Where the decision of the appellate court, in dismissing an action to recover against a town, was based on the ground that plaintiff held valid and binding claims against the town, and that his remedy should have been by application for mandamus, the legality of such claims becomes thereby settled and cannot be questioned in subsequent proceedings in mandamus between the same parties.

The objection that the merits of the controversy in the prior action had never been judicially passed on for the reason that the action had been decided upon a demurrer in favor of respondents cannot be raised after the appellate court has based its decision upon the validity of the claim against the town and such decision

has been allowed to stand as the law of the case, without application on the part of the respondents for a modification of the decision in that particular.

The failure of parties to an appeal to urge alleged errors in their brief, will preclude their being raised in a petition for a rehearing.

Appeal from Superior Court, Spokane County.— Hon. JAMES Z. MOORE, Judge. Reversed.

*L. H. Prather*, for appellant.

*Jones, Belt & Quinn*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—The respondents move to strike the statement of facts herein, on the ground that a copy of the same was served upon them before the original was filed with the clerk of the court, and in support of said motion one of the attorneys for the respondents makes an affidavit in this court to the effect that on the 24th day of May, 1895, at his office in the Hyde block in the city of Spokane, there was presented to him by the appellant the original statement of facts, with the request that he admit service of the same, and that he did so by indorsing such admission upon such original statement, and that at said time there was no filing mark on said statement showing that the same had been filed with the clerk of the court, and that he was informed and believed that the same had not been filed, but it does not appear from whom this information was obtained.

It seems to us that this showing is insufficient. In the first place, if we were to presume that the statement had not been filed with the clerk of the court when served, because there was no filing mark thereon at the time, it does not appear but that the same might have been filed practically at the same time

service was admitted by the respondents. For aught we know, the clerk's office might have been in a room adjoining the one where the service was made, and if the respondents had admitted service of the statement one moment, and the next moment the same had been presented to the clerk of the court for filing, so that the filing was contemporaneous with the serving, that certainly would have been sufficient.

But aside from this, we do not think that a question of this kind should be presented to us for determination upon affidavits filed in this court. If the respondents desired to attack the statement upon the ground specified, they should have raised the objection in the lower court and made proof of the facts upon which the attack was based, and the lower court might have taken proofs, or such steps as it should have deemed necessary, to determine the fact as to whether the statement was filed at or prior to the time of service. Possibly an appeal to this court would lie from the decision of that court upon the question of fact, but we are not called upon to determine this question at this time. Motion denied.

The subject matter of this litigation has been before this court on a former occasion, in *Abernethy v. Medical Lake*, 9 Wash. 112 (37 Pac. 306), where the relator had brought an action against the town to recover the amount in controversy, and it was held that he had mistaken his remedy, and should resort to mandamus. After the determination of said suit, this proceeding in mandamus was brought and, judgment being rendered against the relator, the present appeal was taken.

It is contended by the respondents that the judgment should be affirmed on the ground that the alternative writ failed to show upon its face that the

relator was entitled to any relief, and it is contended in the respondent's brief that this question was raised by demurrer. It appears that the grounds upon which the relator's rights are founded were set forth in a petition to the superior court for the alternative writ, but that the same were not fully incorporated in said writ when issued. It further appears, however, that the court directed that a copy of the petition should be served on respondents, and that this was done at the time the writ was served. Respondents contend, however, that the matters set forth in this petition cannot be considered as embraced in the writ. Even if we were to concede this contention to be well taken, we think the point was waived, for it does not appear that there was any question raised as to the sufficiency of the writ. No demurrer is shown by the record, but, on the contrary, it appears that the respondents answered, taking issue upon the matters alleged in the petition, and the objection is not tenable.

The respondents also seek to attack the validity of the relator's claim against the town, but we think that they are precluded by the former case from so doing, as all such matters were, or should have been, presented at that time. The action of this court in disposing of the former case was based upon the ground that the relator held valid and binding claims against the town, and for that reason it was held that his remedy was in mandamus. The legality of those claims was there settled and established, and whether rightfully or wrongfully cannot now be questioned. *Cloud v. Lawrence,* 12 Wash. 163 (40 Pac. 741).

The action of the lower court in finding against the relator is reversed, and the cause is remanded with directions to issue the peremptory writ.

HOYT, C. J., and GORDON, J., concur.

ANDERS, J., concurs in the result.

DUNBAR, J. (*dissenting*).—I cannot agree with the majority so far as the motion is concerned. The statute is plain and mandatory. It is a simple question of one thing being done before another. It is not a question of any arbitrary divisions of time, whether of weeks, days or hours. When the copy was served the respondent had a right to consult the original in the clerk's office immediately, and the law does not impose upon him the burden of calling again the next day before he can have access to that which it says shall be accessible before he is served. It being an undisputed fact that the original was not filed until after the copy was, I think the statement should be stricken.

On the merits I concur in the majority opinion.

### ON PETITION FOR RE-HEARING.

SCOTT, J.—On November 11th last an opinion was filed in this case reversing the judgment of the lower court and remanding it with instructions to issue a peremptory writ of mandamus to compel payment of the relator's claim against the town of Medical Lake.

This action was taken on the ground that the relator's claim against said town had been established in his favor in a prior action decided by this court on June 5, 1894. 9 Wash. 112 (37 Pac. 306). The respondents have petitioned for a re-hearing, claiming that the merits of the matters in controversy have never been judicially passed upon, for the reason, as is claimed, that the prior action was decided upon a demurrer interposed by the respondents, and in their favor. Whatever the fact may be in this particular,

we think the respondents are precluded from raising the question.

The basis of the disposition of the former cause was that the claim was a valid one, and that its validity had been established. Upon that basis it was held that the relator, in bringing the suit against the town upon said claim, had mistaken his remedy, and that he should have resorted to mandamus. The action of the lower court in dismissing his cause was affirmed, whereupon this second proceeding was instituted. No mention is made in the opinion rendered in that case that the cause had been disposed of in the superior court upon a demurrer to the complaint, and we will not at this time look into the record to determine the fact. If the respondents were dissatisfied with the facts as assumed by the court in that cause, they should then have applied for a correction or modification of the opinion in that particular, and not have allowed the same to become the law of the case.

Not only was that not done, but the argument of the appeal in the present cause upon the part of the relator was based upon the ground that the legality of the claim had been established and settled in the prior proceeding. No claim was made by the respondents in their brief that said action had been disposed of upon a demurrer leaving the merits of the controversy unsettled, and even if such matters were available at that time, the failure of the respondents to present their claims in their brief would also preclude them from raising the point in a petition for a re-hearing.

Re-hearing denied.

Hoyt, C. J., and Anders, Dunbar and Gordon, JJ., concur.