Powell Estate.

Argued January 7, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Francis J. Gafford,* Deputy Attorney General, with him *Richard N. Spare,* Special Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellant.

*Joseph L. Loughran,* with him *Samuel L. Sagendorph,* for appellee.

OPINION BY MR. JUSTICE COHEN, March 16, 1965:

Edward Powell, father of the decedent in this matter, established in 1920 an irrevocable inter vivos deed of trust. Under the terms of this trust his son, George Powell, the decedent, was to receive the net income during his lifetime. It was expressly provided that the principal and income of the trust were not to be liable for the debts, liabilities or engagements of the income beneficiary; nor could he dispose of any part thereof by pledge or anticipation in any manner.

The first paragraph of the inter vivos trust provides: "FIRST: To hold the said Securities to collect the income therefrom, and to pay over the income to Grantor's son, George R. Powell, during his life, and upon the death of the said George R. Powell, to pay over the principal to the Executor of the Will of the said George R. Powell, so that it shall become a part of his estate, but if the said George R. Powell shall die intestate to assign, transfer and pay over the principal to the heirs-at-law of the Grantor as such heirs-at-law shall be constituted at the time of the death of the said George R. Powell."

After the death of George Powell the balance of the trust was awarded to the executors of his estate as directed by the trust instrument. Decedent's executors did not appraise the award from the trust as an asset of decedent's estate subject to the imposition of state inheritance tax. In fact, the award from the trust was specifically returned as non-taxable. The Commonwealth filed its inheritance tax appraisement, including the award of the trust, as a taxable item.

On appeal from the Commonwealth's appraisement to the lower court, the court recognized this case as "unique" among the reported cases and found what it

considered to be a "substantial answer" to the problem. It held: (1) that the "plain effect" of the settlor's language in the deed of trust was "to create a general power of appointment by will in his son who became thereby the donee, but not the beneficiary, of the power"; (2) that the words in the deed of trust "so that it shall become a part of his (the son's) estate" merely caused a blending of the trust property with the estate of the son, the donee of the power; and (3) that the trust property was not taxable in the estate of the son, the donee of the power, under Section 1(d) of the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, as amended by the Act of May 16, 1929,[1] P. L. 1795 (72 P.S. §2301(d)).

The Amendatory Act of 1929 clearly imposed a tax on property transferred pursuant to powers of appointment but only in the estate of the donor notwithstanding any blending of such property with the property of the donee. Prior to the amendment, it was held that where the donee blends the estate over in which he has a power of appointment with his own estate, all the property in the blended estate was subject to the transfer inheritance tax imposed by the Act of 1919: *Commonwealth v. Morris*, 287 Pa. 61, 134 Atl. 429 (1926).

The Commonwealth first argues that the Amendatory Act is an exemption statute and hence strict construction is required against one claiming the exemption. That statutory construction requirement is not applicable here since this is not a tax exemption statute, but rather a clear direction by the Legislature as to the imposition and incidence of a tax and strict con-

---

[1] Section 1(d) of the Act of 1929 amended the Act of 1919 by adding the following: "Provided, That property transferred pursuant to powers of appointment shall, in all cases where the power is hereafter exercised, be taxed as of the estate of the donor, notwithstanding any blending of such property with the property of the donee."

struction of the statute is required in favor of the tax-payer. Second, it contends that the gift of the principal to decedent's estate and its subsequent disposition by the decedent in his will was not the exercise of a power of appointment by the donee. This is the sole question for determination, i.e., whether the decedent transferred property pursuant to a power of appointment. If we find the property passes by the exercise of a power of appointment, the blending of the property in the estate of the donee whether by the donor or the donee does not alter the legislative direction as to the imposition of the tax.

In making our determination that the donor by his deed of trust created a "power of appointment" to be exercised by the donee, we recognize, as did the lower court, that the deed of trust factually is "unique." While we do not find its counterpart among reported cases, the application of the definition of the general power of appointment in Casner: Estate Planning—Powers of Appointment, 64 Harv. L. Rev. 185, n.7, p. 188, 1950-51,[2] the recognition that implied powers of appointment may be created, Restatement, Property, §323, comment f (1940),[3] together with the pertinent illustrations in the text in 5 American Law of Property, §23.10 (1952),[4] convince us that a general

---

[2] "A transfers property to T in trust with directions to pay the income to B for life and then to distribute the corpus to, or for the benefit of, such person or persons or B's estate or his creditors, in such amounts and proportions and for such terms, trusts, conditions and limitations and generally in such manner as B shall by will appoint."

[3] "f. Powers Created by Implication. In limitations which contain no grant of a power in specific language, the form of a gift over after a life estate may be such as to manifest an intent that the life tenant should have the power to dispose of the remainder."

[4] "The intent to create a power may clearly appear from the instrument, however, even in the absence of such specific language. If it does, a power is said to be created by implication. A large

testamentary power of appointment was created by implication and as such the property transferred pursuant to the power of appointment is taxed in the estate of the donor and not in the estate of the donee.

Decree affirmed at appellant's cost.

---

number of situations might be conceived each of which would show, by implication, an intent to create a power; but actually the habits of testators are such that a particular case is likely to fall in one or two or three classes.

"Where a will leaves a life estate to a person followed by a gift over to be effective if that person 'dies intestate,' it is almost a necessary implication that the testator intended the life tenant to have a power to dispose of the property by will."