**In re ESTATE OF Herman GROTZINGER.**

**Appeal of PENNSYLVANIA DEPARTMENT OF REVENUE, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 1997.

Decided Jan. 16, 1998.

Joe H. Tucker, Jr., Philadelphia, for appellant.

Howard M. Soloman, Philadelphia, for appellee.

Before McGINLEY and SMITH, JJ., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

The Department of Revenue (Department) appeals from an order of the Court of Common Pleas of Montgomery County that reversed a decision of the Department disallowing a deduction claimed by the Estate (Estate) of Herman Grotzinger (Decedent). The Estate elected to ·pay future interest inheritance tax on the estate that was held in trust with Decedent's son as a life tenant and Decedent's grandchildren as remainderpersons. ·The Department questions whether the trial court erred in determining that income from the Estate which was not distributed to Decedent's son, but was added to the corpus of the trust, was not taxable under the Inheritance and Estate Tax Act of 1961 (1961 Act).[1]

Section 506 of the 1961 Act, *formerly* 72 P.S. § 2485–506, provided that for purposes of the inheritance tax on the transfer of a future interest, the date on which the interest was valued should be the date that such interest took effect in possession and enjoyment. A future interest is one that is to take effect in possession and enjoyment after one or more interests for a term of years or for life or for some other limited period. Section 713(a), *formerly* 72 P.S. § 2485–713(a), provided for an election to have the interest valued as of the date of the death of the decedent and to pay the tax on that amount if the personal representative or other party in interest made a written request within nine months of the decedent's death. Section 714(a), *formerly* 72 P.S. § 2485–714(a), provided a third option: at any time after nine months from the decedent's death but before the vesting of the future interest in possession and enjoyment (e.g., before the death of a life tenant), a fiduciary or any party in interest might elect, by a writing filed with the register of wills, to have the

value of the future interest determined as of the date of the filing and to pay the tax thereon. Such valuation would include a discount for the actuarial value of the intervening life estate.

Decedent died in 1969. His will left his estate in trust with the income to benefit his son and with a trust over for the benefit of his grandchildren, who ·were entitled to the principal upon reaching age 30. A codicil to the will provided: "All that unexpended income shall be added to· the principal of the trust to be distributed as I have provided herein for the distribution of the principal of this trust as if it had originally formed part thereof." The Estate elected the Section 714 option and filed a remainder inheritance tax return on June 26, 1995. However, the Estate deducted from the total market value of the assets held ($1,408,028.14) the undistributed income earned since Decedent's death ($506,450.63) and the estimated appreciation attributable to that income ($91,110.47). The Inheritance Tax Division of the Department disallowed the deduction, and the Department's Board of Appeals upheld the disallowance.

Because no facts were disputed, the parties submitted the appeal to the trial court on briefs and oral argument. The trial court was persuaded by the rationale of *French Estate*, 13 Wash. 46 (C.P.Pa.1931). There a decedent's will provided that his widow should have the interest and income arising from his real and personal estate to provide for her every need and comfort and that any income over and above such provision should be husbanded or loaned or invested to the interest of the estate. When the widow died, such income was part of the remainder to be transferred, and the Commonwealth asserted a right to tax the total amount.

The trial court in the present case quoted *French Estate*, 13 Wash. at 48, as follows:

---

1. Act of June 15, 1961, P.L. 373, *as amended, formerly* 72 P.S. §§ 2485–101—2485–1201, repealed by Section 3 of the Act of December 13, 1982, P.L. 1086. Section 3 also provided that nothing in the repealer should affect any tax due, owing or payable or any remedies for collection thereof or surrender any remedies, powers, rights or privileges acquired by the Common-

wealth under the repealed Acts. The Act of December 13, 1982 provided in Section 4 that it applied to estates of decedents dying on or after its effective date. This Act has itself since been repealed by Section 42 of the Act of August 4, 1991, P.L. 97, and replaced by Section 36 of that Act, 72 P.S. §§ 9101—9196, *as amended.*

It is admitted that ... any increase in value of the thing itself subject to tax, is taxable. The value of the thing taxable is to be fixed as of the time the life estate falls in. So, real estate, specific securities, and the like, held by a trustee during a life tenancy or other period, are taxable at their increased or diminished value, as of the time the remainderman comes into possession.

But the Commonwealth is going a step further and saying that *whatever may be earned* by the taxable thing, during the interim, if for any reason it be added to the original thing for the purpose of transmission to remaindermen, is also taxable. A mere statement of this proposition indicates the fallacy. It is taxing something that the decedent never owned, was no part of his estate when he died, and was not transferred *from him* to the remainderman.

The Act provides for an increase in value of the thing subject to tax, but it does not provide for the imposition of a tax on something the decedent never owned.

Trial court opinion at 4.[2] Concluding that the situation was the same here, the trial court reversed.

The Department stresses that Section 506 of the 1961 Act provided that the tax "shall be computed upon the value of the interest in the property at the applicable dates specified in Sections 713 or 714" and that the codicil to Decedent's will specifically provided for the distribution of any unexpended income that was part of the trust. It contends that the language in *French Estate* referring to the taxability of an increase in value of the thing taxed supports its interpretation of the meaning of Section 506 of the 1961 Act. The Department argues that additions of income earned to the principal of the trust, pursuant to the will, constituted an increase in value of the trust, i.e., an increase in value of "the thing itself" at the time the election was made.

The Court agrees with the Estate that the Department's effort to employ *French Estate* in support of its position must fail. The Estate argues that what is at issue here is the income that was accumulated and added to the principal, plus the appreciation attributable to that income. As the Estate notes, the total amount sought to be taxed in *French Estate* included income that, under the decedent's will, was husbanded or loaned or invested to the benefit of the estate, which is the same type of income that is at issue in the present case. If *French Estate* was decided correctly, the same result must obtain here.

The Estate emphasizes that it does not dispute that the appreciation due to the principal included in the Estate is subject to the remainder inheritance tax. The Estate argues by analogy to this Court's decision in *Estate of Deaver*, 660 A.2d 686 (Pa.Cmwlth.), *appeal denied*, 542 Pa. 675, 668 A.2d 1137 (1995). There the question presented was whether the federal and state estate taxes paid by a widow who was a life tenant of a marital trust should be "added back" to determine the taxable value of the estate that passed to the remainderpersons upon her death. The Court concluded that amounts paid out of the remainder estate before distribution to the remainderpersons are not included in the value of the remainder estate for inheritance tax purposes. In discussing *Pickering Estate*, 410 Pa. 638, 190 A.2d 132 (1963), this Court noted that the Pennsylvania inheritance tax is a tax on the right of succession to or the privilege of receiving the property of a decedent at death, in contrast with federal estate tax, which is a tax upon the privilege of the transmission of a decedent's property. *Deaver*, 660 A.2d at 691 n.6. The Estate argues that the interest being valued when the remainder inheritance tax is paid is the estate being passed from the decedent, i.e., the interest that existed at the decedent's death plus appreciation or less diminution, but not the income earned.

**2.** In *French Estate* the common pleas court was interpreting Section 3 of the Act of June 20, 1919, P.L. 521, *as amended* (1919 Act), *formerly* 72 P.S. § 2304, repealed by Section 1201 of the 1961 Act, *formerly* 72 P.S. § 2485–1201. In *Estate of Miller*, 467 Pa. 193, 355 A.2d 577 (1976), the Supreme Court noted the comment by the Joint State Government Commission Report on the Inheritance and Estate Tax Act of 1961 indicating that Section 714(a) of the 1961 Act was in conformity with previous constructions of Section 3 of the 1919 Act.

The Court does not deem *Deaver* to be sufficiently related to be helpful here. Nevertheless, the Court does find support for the Estate's position in *French Estate*. The trial court's decision there was not based simply on its own analysis of Section 3 of the 1919 Act. Rather, the trial court relied also upon *Williamson's Estate*, 153 Pa. 508, 26 A. 246 (1893). Although that case did not involve a future interest, the issue did arise as to the taxability of the income earned during the period of the administration of the estate. The Supreme Court stated: "Income accruing subsequently comes, not from the testator or intestate, but from the property held by or for the use of the legatee or other beneficiary, and is not to be distinguished from other income derived from the same persons from any other source." *Id.*, 153 Pa. at 521, 26 A. at 250–251.

This Court also is persuaded that the analysis in *French Estate* was correct. The Board of Appeal's order was not supported by citation to any case law. The paucity of other authority on this point indicates that the issue has not been much disputed. Richard Grossman and M. Paul Smith, Pennsylvania Estate and Inheritance Tax § 9121(e)5.1 (2d Rev. Ed.1996), states: "The clear value of the corpus was taxable but not accumulated or reinvested income," citing *French Estate*. The Court concludes that the trial court correctly determined that income earned by a trust before inheritance taxes are paid on a remainder is not part of the interest that is transferred by the decedent to the remainderpersons. Therefore, the trial court's order is affirmed.

### ORDER

AND NOW, this 16th day of January, 1998, the order of the Court of Common Pleas of Montgomery County is affirmed.